Donny Joel HARVEY,
Plaintiff-Appellant,

v.

Jim ANDRIST, et al.,
Defendants-Appellees.

No. 84–1279.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 4, 1985.

Rehearing and Rehearing En Banc Denied
March 27, 1985.

Donny Joel Harvey, pro se.

Iris J. Jones, Asst. City Atty., Austin, Tex., for defendants-appellees.

Before WILLIAMS, JOLLY and HILL, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

This appeal arises from the district court's dismissal of a section 1983 action against named and unnamed members of the Austin, Texas police department brought by an inmate of the Texas Department of Corrections. The district court dismissed some of the plaintiff's claims on the grounds that they challenged the validity of his detention and, as to them, he had not exhausted his federal habeas corpus remedies. After a non-jury trial, the district court dismissed the remaining civil rights claims at the conclusion of the plaintiff's case on the basis that they were without merit. We affirm the district court's judgment.

## I.

The plaintiff and now appellant, Donny Joel Harvey, a Texas state prisoner, and prolific litigator, brought this *pro se* civil rights action against named and unnamed officers of the Austin police department, including Frank Dyson, the Austin police chief. Harvey contends that he was brutalized by one of the officers who kicked him in his right knee while being searched incident to his arrest and that he was deprived of medical care while incarcerated in the Austin city jail. Harvey further complained that the arresting officers conducted an illegal search of his car and seizure of its contents, and that certain officers gave perjured testimony at his trial. He sought damages and injunctive and declaratory relief.

The defendants brought motions to dismiss before a federal magistrate who concluded that because Harvey's claims of illegal search and seizure and perjured testimony went to the validity of his state court conviction, state and federal remedies must be exhausted before those claims may be brought under section 1983. The district court dismissed without prejudice Harvey's claims of illegal search and seizure for failure to exhaust habeas corpus remedies, but allowed his claims of brutality and inadequate medical treatment to proceed to trial. The district court based its decision upon a statement filed by Harvey conceding that his illegal search and seizure claim was pending before the United States District Court for the Western District of Texas. Also included in Harvey's statement was a request that his perjury claim be dismissed which the court granted.

Before trial Harvey filed a list of fifty-three witnesses that he sought to have subpoenaed. The defendants objected to his request, claiming that it was unreasonably oppressive, and that much of the witnesses' testimony would be irrelevant to the subject matter of the suit. The district court then ordered Harvey to file a statement of the expected substance of each witness' testimony and how the testimony was relevant. After receiving Harvey's statement, the district court determined that much of the testimony would be superfluous, cumulative, or unjustified, and instead subpoenaed a physician at the Providence Hospital in Waco, Texas, who had treated Harvey, and two officers of the Beverly Hills, Texas, police department.

All of the named defendants agreed to appear at trial voluntarily.

After a trial with Harvey present, the district court granted the defendant Dyson's motion to dismiss, and dismissed the rest of the claims on the merits. Harvey filed a timely notice of appeal and the district court certified that the appeal was taken in good faith and that Harvey is entitled to proceed in forma pauperis.

## II.

Harvey raises several issues on appeal. First he contends that the district court erred in dismissing his claims of illegal search and seizure because he allegedly had exhausted his state remedies. Next, Harvey contends that the district court erred in dismissing Frank Dyson, Chief of the Austin Police Department, because he had alleged that Dyson had failed to supervise and train his officers to refrain from using excessive force, resulting in a policy of excessive force by the Austin police officers. Harvey also assigns as error the district court's refusal to subpoena all of the witnesses whom he claims would have testified to the use of excessive force and denial of medical treatment by the Austin police. Harvey further contends that the district court did not rule on whether he was denied medical care and erroneously failed to transcribe the hearing for appellate review. Finally, Harvey contends that the district court erred in refusing a continuance to allow him to subpoena a critical witness.

## III.

### A.

Harvey initially moves to supplement the record on appeal asserting that the district court improperly failed to transcribe the trial proceedings for appellate review. He requested a transcript of the proceedings in his motion to proceed on appeal in forma pauperis. The district court allowed Har-

vey to appeal in forma pauperis, but did not order a free transcript for his appeal.

Although a transcript of testimony at trial is often needed for proper appellate review, such is not the case here. Harvey has demonstrated no particular need for a transcript nor has he raised a substantial question. 28 U.S.C. § 753(f); *see Linden v. Harper & Row, Inc.*, 467 F.Supp. 556, 558 (S.D.N.Y.1979). Moreover, in his briefs before this court, he has failed to bring to our attention any facts that might require a close examination of the trial transcript. The record before us, including Harvey's pretrial deposition, excerpts of trial testimony, affidavits of witnesses, and medical and police reports, is adequate for the proper disposition of this appeal. We therefore deny Harvey's motion to supplement the record on appeal.

### B.

Harvey's next allegation of error is that the district court improperly dismissed his claim of illegal search and seizure. The district court found this claim had been exhausted in state court but was contained in a writ of habeas corpus pending in federal district court. Accordingly, the district court dismissed the claim for failure to exhaust federal habeas corpus remedies. When challenge is made to a conviction in a criminal case, even though accompanied by civil rights claims, exhaustion of remedies is required. *Chancery Clerk of Chickasaw County, Miss. v. Wallace*, 646 F.2d 151, 156 (5th Cir.1981); *Meadows v. Evans*, 529 F.2d 385, 386 (5th Cir.1976), *aff'd en banc*, 550 F.2d 345 (1977). Here, Harvey challenges the validity of his conviction, and in his appellate brief, concedes that his claim of illegal search and seizure is still pending in federal district court. The district court thus correctly dismissed Harvey's illegal search and seizure claims for failure to exhaust federal habeas remedies. *See Richardson v. Fleming*, 651 F.2d 366, 375 (5th Cir. 1981).[1]

---

**1.** Harvey also contends that the district court erred in denying his motion to supplement or

amend his complaint to include claims of false imprisonment, deprivation of property, and

## C.

■ Harvey also alleges that the district court erred in dismissing Frank Dyson, the Chief of the Austin Police Department, because Dyson failed to train and supervise his officers which resulted in a policy of the use of excessive force. To be liable under section 1983, a police chief must either be personally involved in the acts causing the deprivation of an individual's constitutional rights, or there must be a causal connection between an act of the police chief and the constitutional violation sought to be redressed. *Lozano v. Smith,* 718 F.2d 756, 768 (5th Cir.1983); *Douthit v. Jones,* 641 F.2d 345, 346 (5th Cir.1981). In his brief Harvey fails to bring to our attention any facts that indicate Dyson was involved in depriving Harvey of his constitutional rights. Furthermore, the district court concluded that the Austin police officers did not use unreasonable force in arresting Harvey. Since this finding is not clearly erroneous, the dismissal of the claims against Dyson was also proper.[2]

## D.

■ Harvey's next assignment of error concerns the district court's refusal to subpoena all of his requested witnesses. The district court subpoenaed only three witnesses, finding that the testimony of the other witnesses would be superfluous, cumulative, or unjustified. It is well established that testimony which is merely repetitious and cumulative of testimony already introduced may be excluded by the trial court in its discretion. *Meadows & Walker Drilling Co. v. Phillips Petroleum Co.,* 417 F.2d 378, 382 (5th Cir.1969). In this case Harvey stated in his deposition that two of the witnesses subpoenaed by the court would testify as to the police brutality and denial of medical care which was the essence of his lawsuit. The record reflects that the district court did not abuse its discretion in denying Harvey's motion to subpoena all of the requested witnesses.

## E.

■ Finally, Harvey contends that the district court erred in denying his motion for a continuance, which was made because one of the nine defendants was out of the state and thus unable to testify at trial. The grant or denial of a continuance is within the sound discretion of the trial judge. *See Wiley v. Offshore Painting Contractors, Inc.,* 711 F.2d 602, 608–09 (5th Cir.1983). There is no indication in this case that the absent defendant's testimony would be different from that of the other defendants. Furthermore, a continuance would have substantially delayed the disposition of this case which has been pending for approximately four years. Also Harvey has completely failed to demonstrate prejudice because of the police officer's absence at trial. The district court, therefore, did not abuse its discretion in denying the continuance.

In summary, a transcribed record of the testimony at trial is not necessary for the disposition of this appeal. The district court did not abuse its discretion in denying Harvey's motion for a continuance or denying Harvey's motion to amend his complaint. The district court's dismissal without prejudice of Harvey's illegal search and

conspiracy. Harvey's original complaint was filed on February 3, 1981, and after numerous motions had been decided and substantial discovery taken, he moved to amend his complaint on November 18, 1983, approximately two and one-half months before trial. The district court ordered that Harvey could choose to file a separate lawsuit with regard to these claims but refused to consider them in the instant action. Considering the circumstances of this case, we hold that the district court did not abuse its discretion in denying Harvey's motion. Although not a basis for our decision, we note that Harvey is capable of filing a separate suit to prosecute these claims as evidenced by his admission that while he could not recall the precise number, he had over five lawsuits pending against the Texas Department of Corrections.

2. Harvey also contends that the district court erred in not ruling on whether he was denied medical care. This contention is wholly without merit. The district court specifically found that Harvey was not denied medical care and there is nothing in the record to indicate that this finding is clearly erroneous. The district court's ruling in this respect was proper.

seizure claim for failure to exhaust federal habeas remedies was proper as was its dismissal on the merits of Harvey's section 1983 claims. Harvey's motion to supplement the record on appeal is denied; the district court's judgment is in all respects

AFFIRMED.