810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J.C. BILLS, Plaintiff-Appellant,
v.
The ATTORNEY GENERAL OF the UNITED STATES, Defendant-Appellee.
 No. 86-5183.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1986.
 
 Before LIVELY, Chief Judge, and MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for a transcript at government expense on appeal from the district court's judgment in favor of the defendant after a bench trial in this employment discrimination case. The defendant has filed a response to the plaintiff's motion. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff, a black man, was employed by the Federal Correctional Institute in Memphis, Tennessee. He was involved in an incident with a white prison guard in which he allegedly placed his hand on his gun and threatened to kill the other guard. The plaintiff's version of the facts is that he held his hands at his side and merely threatened to punch the white prison guard in response to his profane language.
 
 
 3
 The prison officials believed the other guard's version of the story and discharged the plaintiff. He appealed to the Merit Systems Protection Board which affirmed the discharge. The plaintiff then filed his complaint in the district court. After a bench trial, the district court found in favor of the defendant.
 
 
 4
 The plaintiff's motion requests a transcript at government expense of the testimony at trial in the district court. However, a free transcript is not required where the record, including depositions, affidavits, and reports, is adequate for proper disposition of the appeal. Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir.), cert. denied, --- U.S. ---, 105 S.Ct. 2659 (1985). In the present case, the record includes the prison reports by witnesses, the recommending officer's report, the district supervisor's notice of discharge, the Merit Systems Protection Board's decision, the EEOC officer's report, and the parties' joint pretrial statement. These documents, along with the district court's findings of fact and conclusions of law, are adequate for the decision of this case.
 
 
 5
 Concerning the merits, the plaintiff argues in his brief that the district court was incorrect to hold that he had failed to show a prima facie case. This argument is without merit. After the plaintiff shows a prima facie case and the defendant carries its burden of going forward with evidence of a legitimate non-discriminatory business reason, the presumption contained in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973), drops from the case. United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 715 (1983). The issue then becomes whether the employer intentionally discriminated against the plaintiff. Id. Accord, Selden Apartments v. United States Department of Housing and Urban Development, 785 F.2d 152, 160-61 (6th Cir.1986). The plaintiff need not prove that race was the sole motivating factor, but he must prove by a preponderance of the evidence that race was one of the motivating factors in the discharge. Id.
 
 
 6
 Here, race was not a motivating factor. The use of fighting words by the other prison guard might justify the plaintiff's actions if his version of the facts were accepted. But the prison officials, the MSPB, and the district court all found that the plaintiff's version was not credible. Given the fact that the plaintiff threatened to kill the other prison guard, he was properly subject to discharge.
 
 
 7
 Moreover, the EEOC officer's report indicates that any previous seeming racial discrimination in discipline had been remedied by equalizing the punishment given to white and black prison guards for similar offenses. So the employer did show a legitimate, non-discriminatory reason for its action in discharging the plaintiff. The district court's findings of fact were not clearly erroneous, and its conclusions of law were correct.
 
 
 8
 The motion for transcript at government expense is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.