IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 95-60453
Summary Calendar

HENRY MAJOR,

Plaintiff-Appellant,

versus

JAMES BATTEAST, also known as James
Basttest; WILLIE LEE HORN; FRED O'BANNER;
CALVIN DAVIS; TOMMIE L. WALKER; JOHN DIAL,
Dr. John Dial,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:93-CV-50
- - - - - - - - - -
July 17, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Henry Major appeals the jury verdict in favor of the defendants in his 42 U.S.C. § 1983 action and the magistrate judge's denial of his motion for a new trial. Major argues that the jury's verdict on his excessive force claim is not supported by the evidence. The evidence in the record indicates that the defendants applied a reasonable amount of force in a good-faith

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

effort to restore discipline after Major caused a disturbance in the psychiatric ward of the prison hospital by banging on the door of his cell and refusing to obey the defendants' order to turn around to be handcuffed.  See Hudson v. McMillian, 503 U.S. 1, 6 (1992).  The record contains competent and substantial evidence tending fairly to support the jury's verdict on Major's excessive force claim.  See Gibraltar Savings v. L.D. Brinkman Corp, 860 F.2d 1275, 1297 (5th Cir. 1988), cert. denied, 490 U.S. 1091 (1989).

Major contends that the jury's verdict on his denial of medical care claim is not supported by the evidence.  The record does not show that Dr. John Dial was deliberately indifferent to Major's serious medical needs as Dr. Dial examined Major after the use-of-force incident and twice after he was transferred back to the Unit 32 of the prison and found no need for medical treatment.  See Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994)(applying Farmer to medical claims).

Major argues that the magistrate judge abused his discretion in not issuing subpoenas for other doctors that Major had listed as potential witnesses.  No abuse of discretion occurred because the magistrate judge correctly determined that the other doctors' testimony would have been merely cumulative to the testimony of Dr. Dial concerning his treatment of Major after the use of force and concerning Major's general medical records.  See Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir.), cert. denied, 471 U.S. 1126 (1985).

Major argues that the magistrate judge abused his discretion in denying his motion for a new trial based on newly discovered evidence, a tape recording of the testimony of inmate Ray Young at the disciplinary hearing against Major concerning the use-of-force incident. Major has not shown that the evidence could not have been obtained earlier with due diligence. See Johnston v. Lucas, 786 F.2d 1254, 1257 (5th Cir. 1986). Major has also failed to show that the evidence probably would have changed the outcome of the trial. Thus, he has not shown that the evidence would have changed the jury's verdict. See Johnston, 786 F.2d at 1257.

AFFIRMED.