IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50783
Summary Calendar

_____


DONNIE EUGENE BLAYLOCK,

                                        Plaintiff-Appellant,


versus

MARK DETTMAN, Midland County Attorney; GARY PAINTER,
Sheriff of Midland County, Texas,

                                        Defendants-Appellees.

    --------------------------------------------------------

DONNIE EUGENE BLAYLOCK,

                                        Plaintiff-Appellant,

versus

GARY PAINTER, Sheriff of Midland County, Texas;
MARK DETTMAN, Midland County Attorney,

                                        Defendants-Appellees.


                    - - - - - - - - - -
        Appeal from the United States District Court
            for the Western District of Texas
                USDC No. MO-94-CV-209
                USDC No. MO-94-CV-244
                    - - - - - - - - - -
                      June 3, 1997
Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule

Donnie Eugene Blaylock, Texas prisoner #643199, seeks leave to proceed *in forma pauperis* (IFP) on his appeal from the judgment for the defendants in his consolidated civil rights actions. Blaylock's motion is GRANTED. The Prison Litigation Reform Act (PLRA) requires a prisoner appealing IFP in a civil action to pay the full amount of the filing fee, $105. As Blaylock does not have funds for immediate payment of this fee, he is assessed an initial partial filing fee of $11.32, in accordance with 28 U.S.C. § 1915(b)(1). Following payment of the initial partial filing fee, the remainder will be deducted from Blaylock's prison trust-fund account until the entire filing fee is paid. § 1915(b)(2).

IT IS ORDERED that Blaylock authorize the appropriate prison authorities to withdraw the initial partial filing fee in accordance with the procedures required by the prison and to forward payment to the clerk of the District Court for the Western District of Texas. IT IS FURTHER ORDERED that the agency having custody of Blaylock's inmate account shall collect the remainder of the $105 filling fee and forward for payment, in accordance with § 1915(b)(2), to the clerk of the District Court of the Western District of Texas each time the amount in Blaylock's account exceeds $10, until the appellate filing fee is paid.

Blaylock contends that he was deprived of his right of

47.5.4.

access to the courts by the library-access policies of the Midland County, Texas, jail; that the jail's library-access policies violated a court decree; that the magistrate judge erred by consolidating his two cases; that he should have been allowed to intervene in another case involving library access at the jail; that the magistrate judge erred by declining to subpoena a witness Blaylock desired; and that the magistrate judge erred by denying his motion to appoint counsel. Regarding Blaylock's access claim, we have reviewed the record and the briefs of the parties and we find Blaylock's contention frivolous for essentially the reasons relied upon by the magistrate judge. *Blaylock v. Painter*, Nos. MO-94-CA-209 & MO-94-CA-244 (W.D. Tex. Oct. 2, 1995).

The consolidation of Blaylock's cases was not an abuse of discretion; the cases involved common questions of law and fact. *Bottazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981). Remedial decrees do not create or expand constitutional rights, *Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986); Blaylock's contention based on the decree is unavailing. Assuming that Blaylock moved in the district court to intervene in an earlier-decided case involving access to the law library, denial of his request was not erroneous. *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996).

The magistrate judge did not abuse his discretion by declining to subpoena Blaylock's former criminal attorney.

*Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985). Blaylock's testimony at trial indicated that his petition for discretionary review was filed late because he believed he would get a grace period following the due date of the petition. His former attorney's testimony would have been irrelevant to that issue.

Denial of Blaylock's motion for appointment of counsel was not an abuse of discretion. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986). Blaylock's appeal is frivolous and therefore is dismissed.

APPEAL DISMISSED. 5TH CIR. R. 42.2.