IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51174
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NICKOLAS ANTONIOUS MELLS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CR-127-01
--------------------
January 28, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

    Nickolas Antonious Mells appeals his convictions and

sentences for wire fraud and money laundering.  He contends that

the jury was improperly instructed, that the evidence is

insufficient to support his convictions, that the district court

erred in failing to dismiss the indictment because it was based

on perjured testimony, that the Government failed to turn over

Jencks Act materials, and that the district court abused its

discretion by permitting an IRS agent to testify as a summary

witness.  Mells also asserts that the district court erred at

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentencing by not calculating the offense level properly after making deductions from the loss value, by failing to make specified findings of fact as required by FED. R. CRIM. P. 32(c)(1), and by overruling his objections to a two-point enhancement for obstruction of justice.

Mells's argument regarding the jury instructions is facially frivolous.

Mells's argument that the evidence is insufficient to support his convictions is without merit. Review is for plain error because the defendant failed to renew his motion for a judgment of acquittal at the close of all evidence. United States v. McCarty, 36 F.3d 1349, 1358 (5th Cir. 1994). The evidence was sufficient for a jury to find beyond a reasonable doubt that Mells was guilty of both wire fraud and money laundering, and he has not shown a manifest miscarriage of justice occurred.

Mells's argument concerning perjured testimony before the grand jury is also reviewable for plain error because Mells failed to challenge the indictment in the district court. United States v. Greer, 137 F.3d 247, 251-52 (5th Cir.), cert. denied, 118 S. Ct. 2305 (1998). Mells has not shown a substantial effect on the district court proceedings arising from Agent Lamberth's purportedly perjured statements or even that Lamberth's statements were untrue. Mells's subsequent conviction also rendered any errors occurring before the grand jury harmless. Wilkerson v. Whitley, 28 F.3d 498, 503 (5th Cir. 1994).

Mells also did not challenge the failure of the Government to turn over Jencks Act materials in the district court; this issue cannot be raised for the first time on appeal.

Mells has not shown that the district court abused its discretion by permitting Lamberth to testify. It is not apparent from the record that he was a "summary witness". The testimony was brief, and Lamberth did not expressly bolster the credibility of government witnesses. See United States v. Moore, 997 F.3d 55, 59 (5th Cir. 1993).

The district court did not err in calculating Mells's offense level after reducing the loss amount; it did reduce the offense level by one point. The district court's specific adoption of the presentence investigation report (PSR) on other disputed issues of fact provided Mells with adequate notice of the district court's resolution of disputed facts. United States v. Mora, 994 F.2d 1129, 1141 (5th Cir. 1993). The evidence presented at sentencing was sufficient for the district court to find that Mells obstructed justice by threatening and attempting to intimidate witnesses and by providing false invoices at trial.

In his reply brief, Mells asserted for the first time newly discovered evidence and sufficiency of the evidence of two of his wire fraud convictions. Issues raised for the first time in a reply brief will not be reviewed on appeal. United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

Mells has not shown error on the part of the district court; his convictions are AFFIRMED. Mells's motion to supplement the record and request for the transcript of Lamberth's grand jury

testimony are DENIED.  The testimony Mells wishes to add to the record is contained in the trial transcript.  Mells had a duty to request a transcript of the jury instructions from the court reporter and to ask the district court clerk to make the exhibits part of the appellate record.  FED. R. APP. P. 10(b)(1), (11)(b)(2).  As for the grand jury transcript, Mells has not shown that it is necessary to the adjudication of his appeal.  See Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).

AFFIRMED; DENY MOTIONS.