IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50342
Conference Calendar

_____

RHONDA FLEMING,

Plaintiff-Appellant,

versus

RATLIFF, Officer, Reception-Gatesville Unit, Individually
and in her Official Capacity; CRAFT, Sergeant,
Reception-Gatesville Unit, Individually and in His Official
Capacity; WAYNE SCOTT, Director, Texas Department of
Criminal Justice, Institutional Division, in his Official
Capacity,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CV-405
- - - - - - - - - - -
October 18, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming, Texas prisoner #598829, seeks leave to
proceed in forma pauperis (IFP) in the appeal from the dismissal
of her civil rights complaint as frivolous. She also seeks a
transcript of her evidentiary hearing at government expense. The
motion for a transcript at government expense is DENIED. 28

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.C. § 753(f); Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).

By moving for IFP, Fleming is challenging the district court's certification that IFP status should not be granted on appeal because her appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). The district court carefully reviewed the medical evidence and concluded that Fleming's alleged injury was de minimis. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Fleming's appeal brief offers no factual or legal argument specifically addressing the district court's grounds for dismissal. This court "will not raise and discuss legal issues that [Fleming] has failed to assert." Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Because Fleming fails to show that she will raise a nonfrivolous issue on appeal, her motion to proceed IFP is DENIED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.

Our opinion today in Fleming v. Williams, No. 00-50078, notified Fleming that she is now subject to the three-strikes bar of 28 U.S.C. § 1915(g). We again advise Fleming that she is BARRED from proceeding IFP in any civil action or appeal brought in a United States court unless she is under imminent danger of serious physical injury. See § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION IMPOSED.