IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20166
Summary Calendar
_____

ROGELIO MUNOZ, JR.,

                                        Plaintiff-Appellant,

versus

RAUL MORA, Correctional Officer III; CLYDE MORALES,
Correctional Officer III,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1482
--------------------
November 9, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Rogelio Munoz (#585137) has appealed the jury verdict for
the defendants in this civil rights action.  Because the right to
counsel does not apply in civil proceedings, this court will not
review Munoz' claims of ineffective assistance of counsel.  See
Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th
Cir. 1986).

    Munoz challenges the sufficiency of the evidence, arguing
that the defendants presented perjurious and erroneous testimony.
We review this issue for plain error.  See United States ex rel.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Wallace v. Flintco, Inc., 143 F.3d 955, 963-64 (5th Cir. 1998); Fed. R. Civ. P. 50(a). Because his argument turns on the credibility of a witness, Munoz cannot show plain error. See Flintco, 143 F.3d at 964.

Munoz contends that he should have been provided with a free transcript and that counsel should have been appointed to represent him on appeal. Munoz failed to satisfy the standard for obtaining a free transcript. See Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985). Munoz never requested appointment of counsel on appeal. To the extent that Munoz' argument may be construed liberally as moving this court for appointment of counsel, the motion is DENIED. See Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991).

Because the appeal is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Munoz that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.