United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60194
Conference Calendar

TIMOTHY BROWN,

Plaintiff-Appellant,

versus

JODY BRADLEY; KATRINA BOLDEN; PAUL HEISTAN,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:00-CV-79-S
---------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Timothy Brown, Mississippi state prisoner # R1098, has appealed the magistrate judge's judgment dismissing his civil rights complaint with prejudice following a bench trial. Brown has moved for preparation of the trial transcript at Government expense. Brown does not explain in his motion why the transcript is necessary for disposition of an issue on appeal. Accordingly, the motion is denied. See Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985); see also 28 U.S.C. § 753(f).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We construe Brown's brief as requesting leave to supplement the record on appeal. "An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling." Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999). The motion is denied.

Brown contends that the judgment was contrary to the law and the evidence and that the magistrate judge abused his discretion by failing to order the production of an unredacted prison log. It is the appellant's responsibility to provide a transcript of all relevant evidence to support his appellate argument. See FED. R. APP. P. 10(b)(2); Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992). As was noted above, Brown's request for a transcript was inadequate, and his failure to provide a transcript prevents this court from reviewing these issues. See Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990).

Because the appeal is without arguable merit, it is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); see also 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). We caution Brown that once he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING GIVEN.