United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-21184
Summary Calendar

———————————————

SOPHIA ISAAC,

                              Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
OF THE STATE OF TEXAS,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-775
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Sophia Isaac moves this court to proceed in forma pauperis

("IFP") in this appeal from the district court's grant of

judgment as a matter of law in her discrimination suit brought

pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e, et seq.  She also moves for the preparation at

government expense of a transcript of the trial proceedings.

Isaac argues in her brief, inter alia, that the district court

erroneously granted judgment as a matter of law because she had

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received the right to sue by the EEOC and that she was not permitted to testify that the EEOC had ruled in her favor.

Because an employment discrimination plaintiff must exhaust administrative remedies before filing suit in federal court, Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002), cert. denied, 537 U.S. 1200 (2003), a claim begins, rather than ends, with the filing of charges with the EEOC, and Isaac's receipt of a right to sue letter does not mean that the district court was precluded from granting the defendants judgment as a matter of law. Further, the district court has the discretion to exclude from evidence at trial the findings of the EEOC investigation. Cortes v. Maxus Exploration Co., 977 F.2d 195, 201-02 (5th Cir. 1992).

Isaac has not demonstrated a nonfrivolous issue for appeal, and her motions to proceed IFP and for a transcript at government expense are denied. See FED. R. APP. P. 24(a); 28 U.S.C. § 753(f); Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985); Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982). Isaac also moves for the appointment of counsel, but she has not demonstrated exceptional circumstances necessary for the appointment of counsel in civil cases. See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Therefore, the motion is denied. Because this appeal is without arguable merit, it is dismissed as

frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

MOTIONS FOR IFP, TRANSCRIPT AT GOVERNMENT EXPENSE, AND APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED.