United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10300
Summary Calendar
_____

MICHAEL WAYNE VESTER,

                                        Plaintiff-Appellant,

versus

JOSEPH K. PRICE, Senior Warden; GERARDO GARCIA, Correctional
Officer IV; JIMMY COWPER, Correctional Officer IV; JUAN JACKSON,
Sergeant; JONATHAN CRAINE, Sergeant,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CV-17-J
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Michael Wayne Vester, Texas prisoner no. 640676, has filed a

motion to proceed in forma pauperis (IFP) on appeal challenging

the district court's certification that his appeal is not taken

in good faith.  See Baugh v. Taylor, 117 F.3d 197, 199-202 (5th

Cir. 1997).  Vester alleged in his 42 U.S.C. § 1983 complaint

that several defendants displayed deliberate indifference to his

serious medical needs and that another defendant retaliated

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against him for filing a grievance concerning the medical claim. The district court dismissed the deliberate indifference claims pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) because they lacked any arguable basis in fact or law. The remaining claim was dismissed by a judgment as a matter of law under FED. R. CIV. P. 50 after Vester failed to present any evidence at trial to support his claims.

Vester has failed to address the district court's reason for dismissal. He has thereby waived any issue relevant to his entitlement to IFP status on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Vester fails to show that he could raise any nonfrivolous issue on appeal. His motion to proceed IFP is therefore DENIED, and his appeal is DISMISSED AS FRIVOLOUS. See Baugh, 117 F.3d at 202 and n.24; 5TH CIR. R. 42.2.

To the extent Vester's brief may be liberally construed to seek transcripts without cost, that motion is DENIED. See Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).

For purposes of the "three-strikes" provision of 28 U.S.C. § 1915(g), the district court's dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2) counts as a strike, and the dismissal of this appeal as frivolous counts as a second strike. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Vester is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility

unless he is under imminent danger of serious physical injury.
<u>See</u> 28 U.S.C. § 1915(g).

     IFP MOTION DENIED; APPEAL DISMISSED; ALL OTHER MOTIONS

     DENIED; WARNING ISSUED UNDER 28 U.S.C. § 1915(g).