**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 4, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50968
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEE JOHNSON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-215
USDC NO. 6:03-CR-16-1
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Lee Johnson, federal prisoner # 26676-180, seeks a

certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2255 motion challenging his

guilty-plea conviction to manufacture of methamphetamine.

Johnson also moves for leave to proceed in forma pauperis

("IFP"). In order to obtain a COA, Johnson must demonstrate that

"reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." Slack v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

Johnson argues that the district court erroneously concluded that his ineffective-assistance-of-counsel claim was procedurally defaulted. Johnson is correct. A claim of ineffective assistance of counsel may be raised for the first time in a 28 U.S.C. § 2255 motion. See Massaro v. United States, 538 U.S. 500, 509 (2003).

Johnson also argues that his trial counsel rendered ineffective assistance by failing to file a notice of appeal on his behalf, despite Johnson's request that he do so. COA is GRANTED on the question whether and when Johnson requested an appeal and the advice or information provided by counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 477-78, 485-86 (2000). This case is REMANDED for consideration of this issue in the first instance by the district court and for an evidentiary hearing, if necessary. To assist the district court in its consideration of this issue and Johnson's related issues concerning the appeal waiver and the Government's alleged breach of the plea agreement, and to assist with any subsequent appellate review, Johnson is advised that, if he meets the requirements, he should move in the district court for production at Government expense of the transcripts of the rearraignment and sentencing proceedings. See 28 U.S.C. § 753(f); Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).

Johnson further argues that his sentence violated the Sixth Amendment and Blakely v. Washington, 124 S. Ct. 2531 (2004).  In light of our order to grant COA and remand for further consideration, we DEFER ruling on this issue.  Johnson is advised that if the district court denies relief on the aforementioned claim, he should address this claim in a future COA request. Johnson's motion for IFP is GRANTED.

COA GRANTED; IFP GRANTED; VACATED AND REMANDED.