United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10343
Conference Calendar

_____

MICHAEL H. ROACH; ET AL.,

                              Plaintiffs,

MICHAEL H. ROACH,

                              Plaintiff-Appellant,

versus

JOSEPH SCHUTZE; JASON KAISER; JACK MCGUINN; ALAN BOYD;
CODY SHAW; GREGG LYNN, Fire Chief; CURTIS WEDDLE, Mayor;
CITY OF ELECTRA, TEXAS; CITY OF IOWA PARK, TEXAS,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-110-R
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Michael H. Roach was one of several plaintiffs who brought

the instant 42 U.S.C. § 1983 suit to seek redress for the

defendants' alleged harassment.  The case proceeded to trial but

was settled before the jury returned its verdict, and the

district court entered a consent judgment in accordance with the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parties' settlement agreement.  Roach unsuccessfully moved the district court for authorization to proceed in forma pauperis (IFP) on appeal and for the preparation of a transcript at government expense.  He now moves this court for leave to proceed IFP on appeal and a transcript at government expense.  Roach has also filed a motion seeking leave to add a party.

A movant seeking leave to proceed IFP on appeal must show that he is a pauper and that the appeal is taken in good faith.  Carson v. Polley, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(3).  Roach has not met these requirements.  When the record is examined as a whole, it shows that his alleged impecuniousness is questionable, at best.  Roach also has not shown that his appeal is taken in good faith, as he is seeking to challenge an unappealable judgment.  See F.D.I.C. v. McFarland, 243 F.3d 876, 884 (5th Cir. 2001).  Roach's IFP motion is DENIED.  Roach's motions for a transcript at government expense and to add a party are likewise DENIED.  See 28 U.S.C. § 753(f); Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).

Roach's appeal is devoid of arguable merit and is DISMISSED as FRIVOLOUS.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  All outstanding motions are DENIED.

IFP & TRANSCRIPT MOTIONS DENIED; ALL OUTSTANDING MOTIONS DENIED; APPEAL DISMISSED AS FRIVOLOUS.