# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-40116
Summary Calendar

DAVID MOORE

                        Plaintiff-Appellant

v.

PALACIOS, Sergeant of Correctional Officers; Correctional Officer
A. GONZALEZ; Lieutenant GARCIA

                        Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CV-330

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

David Moore, Texas prisoner # 801362, filed this civil rights action, asserting Defendants Palacios and Gonzalez conspired with each other to deny him access to the courts, and retaliate against him for threatening to file an action by charging him with a disciplinary violation. The district court granted summary judgment to Defendants, concluding: there were no genuine issues of material fact; and Defendants were entitled to qualified immunity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A summary judgment is reviewed de novo, applying the same standard as the district court. E.g., Wheeler v. BL Dev. Corp., 415 F.3d 399, 401 (5th Cir. 2005). Proceeding pro se, Moore presents four issues.

Moore asserts he was denied access to the courts because Gonzalez closed a gate, resulting in a 20-minute delay in his attempts to reach the prison law library. Moore failed to establish he was prevented by this delay from pursuing a nonfrivolous legal claim. See Christopher v. Harbury, 536 U.S. 403, 415 (2002); Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993).

Moore asserts Palacios and Gonzalez engaged in retaliation after he threatened to sue Gonzalez for barring his library access, by filing a disciplinary charge against Moore for grooming violations. Moore has not established any intent by Defendants to retaliate against him. See Jones v. Greninger, 188 F. 3d 322, 324-25 (5th Cir. 1999). Additionally, he has not shown Defendants' actions would have been "capable of deterring a person of ordinary firmness from further exercising his constitutional rights". Morris v. Powell, 449 F.3d 682, 686 (5th Cir.), cert. denied, 127 S. Ct. 596 (2006). As for Moore's allegations of other retaliatory actions taken against him, he has not either shown Palacios and Gonzalez were involved in those actions or alleged a chronology of events establishing causation. See Jones, 188 F.3d at 325.

Moore also maintains Palacios and Gonzalez conspired with each other to file the disciplinary report against him. Moore's conclusional assertions of a conspiracy are insufficient to give rise to a claim. See Babb v. Dorman, 33 F.3d 472, 476 (5th Cir. 1994).

In his reply brief, Moore claims deficiencies in the prison mail system and contends they are further evidence of attempts to retaliate against him and violate his right of access to the courts. Because he did not raise these claims in his opening brief, they are abandoned. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) (citations omitted).

Moore has not shown the existence of a genuine issue of material fact precluding summary judgment. See FED. R. CIV. P. 56(e). Consequently, the judgment of the district court is AFFIRMED. Moore's motion for counsel on appeal is DENIED. See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982). Moore's request for transcripts at government expense is also DENIED. See Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).