# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2010

No. 09-40508
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT DANIEL DAVIS,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:07-CR-63-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Davis, federal prisoner # 97410-079, appeals the denial of his motion for transcripts, at government expense, of his initial appearance, arraign-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ment, pretrial hearings, trial, and sentencing.  He argues that the transcripts are necessary to file a 28 U.S.C. § 2255 motion.

To obtain a transcript at government expense, the movant must satisfy 28 U.S.C. § 753(f).  *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985).  Section 753(f) "provides for a free transcript for indigent prisoners asserting a claim under § 2255 if a judge certifies that the asserted claim is not frivolous and that the transcript is needed to decide the issue."  *United States v. MacCollom*, 426 U.S. 317, 320-21 (1976) (internal quotation marks omitted).  The movant must "bring to [the court's] attention any facts that might require a close examination of the trial transcript."  *Harvey*, 754 F.2d at 571.

Davis's motion for transcripts did not set forth the issues he intended to raise in his § 2255 motion or explain why the requested transcripts were necessary to decide those issues.  His allegations of judicial and prosecutorial misconduct were not presented in the district court and thus will not be considered by this court.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).  Moreover, Davis's conclusional allegations are insufficient to establish that his proposed § 2255 claims are not frivolous and that the transcripts are necessary to decide the issues.  *See* § 753(f); *Harvey*, 754 F.2d at 571.  Therefore, he has not shown that the district court erred.

The instant appeal involves no legal points arguable on their merits and is therefore is dismissed as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  Davis is cautioned that his use of abusive and insulting language directed at the district court is improper; similar language and accusations in future filings will result in the imposition of sanctions.  *See Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.