# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 30, 2013

No. 13-40232
Summary Calendar

Lyle W. Cayce
Clerk

ERIC B. JACKSON,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, Director TDCJ-CID; JACOB W. DOUGLAS, Correctional Officer II; JERMAINE D. CLARK, Correctional Office III; EDDIE BAKER, Assistant Warden; DWAYNE DEWBERRY, Assistant Warden; JIMMY O. BOWMAN, Major; OLIN STATHAM, Lieutenant; TAMMY RAINY, Grievance Investigator; CHERYL LAWSON, Region II Grievance Investigator; T. HATTON, ANM; MYRA WALKER, RN BSN; GARY WRIGHT, Doctor; GENERAL'S OFFICE-AMICUS C ATTORNEY,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-639

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eric B. Jackson, Texas prisoner # 667808, has filed a motion to obtain a trial transcript at the Government's expense to appeal a judgment dismissing his claim of excessive force against defendant Jacob W. Douglas in accordance

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with the jury's verdict.  He alleges that the transcript is necessary for him to pursue his appeal and that he cannot pay for the transcript.  Jackson contends that Douglas's counsel provided misleading information to the jury at trial by remarking on the extent of Jackson's injuries and describing them as "minor."

To obtain a transcript at government expense, Jackson must satisfy the criteria of 28 U.S.C. § 753(f).  *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985).  Section 753(f) provides, in part, that the United States shall pay the fees for transcripts furnished in civil proceedings to persons permitted to appeal in forma pauperis (IFP) if the trial judge or a circuit judge certifies that the appeal is not frivolous but presents a substantial question.  § 753(f).  The moving party must also establish that the transcript is necessary for proper disposition of the appeal.  *Harvey*, 754 F.2d at 571.

The district court granted Jackson leave to appeal IFP but denied his motion for the production of a transcript at the Government's expense.  Jackson has not alleged a particularized need for the jury-trial transcript or shown that his appeal is not frivolous and presents a substantial question.  Accordingly, he has not satisfied his burden for obtaining a transcript at government expense.  *See* § 753(f); *Harvey*, 754 F.2d at 571.  Therefore, his motion is denied, and the appeal is dismissed as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Jackson is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION  DENIED;  APPEAL  DISMISSED;  SANCTION  WARNING ISSUED.