# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41461

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2017

Lyle W. Cayce
Clerk

SHERWAYNE D. FRAZIER,

Plaintiff-Appellant

v.

TODD FOXWORTH, Warden, Michael Unit; CHRISTOPHER HOLMAN, Captain, Michael Unit; ROBERT C. BUSH, JR., Lieutenant, Michael Unit; DEREK W. LIGHT, Correctional Officer 4, Michael Unit; ROBERT L. TAYLOR, Sergeant, Michael Unit,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-669

Before JOLLY, SMITH and HAYNES, Circuit Judges.

PER CURIAM:[*]

Sherwayne D. Frazier, Texas prisoner # 1587204, has filed a motion to obtain a trial transcript at the Government's expense to appeal a judgment dismissing his claims of excessive force against defendants Captain Christopher Holman, Officer Derek W. Light, and Sergeant Robert L. Taylor, in accordance with the jury's verdict. He asserts that the transcript is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

necessary for him to pursue his appeal and that he cannot pay for the transcript.    Frazier contends that his trial counsel rendered ineffective assistance; the magistrate judge erred in instructing the jury regarding the law to be applied; he should have been administered a polygraph examination to prove his honesty, as all the defense witnesses committed perjury; a witness should have been but was not subpoenaed to testify at trial; and the magistrate judge erred in refusing to allow the introduction of the defendants' disciplinary files as proof of character.

To obtain a transcript at government expense, Frazier must satisfy the criteria of 28 U.S.C. § 753(f). *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985).   Section 753(f) provides, in part, that the United States shall pay the fees for transcripts furnished in civil proceedings to persons permitted to appeal in forma pauperis (IFP) if the trial judge or a circuit judge certifies that the appeal is not frivolous but presents a substantial question.  § 753(f).  The moving party must also establish that the transcript is necessary for proper disposition of the appeal.  *Harvey*, 754 F.2d at 571.

The magistrate judge granted Frazier leave to appeal IFP but denied his motion for the production of a transcript at the Government's expense.  Frazier has not alleged a particularized need for the jury trial transcript or shown that his appeal is not frivolous and presents a substantial question.  Accordingly, he has not satisfied his burden for obtaining a transcript at government expense.  *See* § 753(f); *Harvey*, 754 F.2d at 571.  Therefore, his motion is denied, and the appeal is dismissed as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Frazier is cautioned that once he accumulates three strikes, he may not

No. 16-41461

proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.