# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2019

Lyle W. Cayce
Clerk

No. 18-40769
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

ANSON CHI,

Defendant−Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:12-CR-155-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Anson Chi, who proceeded *in forma pauperis* ("IFP") and *pro se* in his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40769

direct criminal appeal, appeals the denial of his emergency motion for a copy of the record at government expense.  Chi asserts that he has been transferred multiple times and placed in high security housing and that prison officials deliberately and maliciously lost three record volumes.  Chi maintains that he needs the lost portion to perfect his direct appeal to the Supreme Court and to file a 28 U.S.C. § 2255 motion.

After Chi filed the notice of appeal in his direct criminal appeal, the district court provided him the full record at government expense.  Chi has indicated that he has "19 transcripts and volume 3" and that he is missing three of the four volumes of pleadings that he was previously provided.

A transcript at government expense is furnished to a defendant like Chi, who is proceeding IFP and *pro se*, rather than under the Criminal Justice Act, if we or the trial judge "certifies that the appeal is not frivolous (but presents a substantial question)."  28 U.S.C. § 753(f).  Nothing in § 753(f) suggests, and Chi has not shown, that an IFP defendant is entitled to a second copy of transcripts at government expense if what was initially provided has been lost.  *See* § 753(f).  Moreover, an IFP defendant such as Chi must show why the transcript is necessary for proper disposition of his appeal and must alert this court to "any facts that might require a close examination of the trial transcript." *Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985).  Thus, even if § 753(f) applies to Chi's request for a second copy, he fails to satisfy the requirements. *See* § 753(f); *Harvey*, 754 F.2d at 571.

IT IS ORDERED that the motion for a transcript at government expense is DENIED.