# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40873
Summary Calender

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2020

Lyle W. Cayce
Clerk

Consolidated with: 19-40002

PHILLIP DAVID HASKETT,

      Plaintiff - Appellant

v.

UNKNOWN CLIENTS #1-#9; JON DOUGHS #1-#9; SCOTT BECKMEN;
JEFFEREY CROOK; DANIEL CHERKASSKY, Individually, doing business
as Orange Energy Consultants, L.L.P.,

      Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 3:14-CV-348

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Phillip David Haskett, a landman who is proceeding in forma pauperis, moves this court for a trial transcript at government expense to support his appeal from a judgment dismissing his Age Discrimination in Employment Act claims, in accordance with the jury's verdict. On appeal, Haskett contends

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40873 c/w
No. 19-40002

that: (1) the district court erred in requiring him to take the deposition of the three named defendants in the Dallas-Fort Worth area; (2) the district court erred in failing to dismiss one of the jurors; (3) the district court erred in submitting the question of whether Haskett was an independent contractor to the jury and in instructing the jury on the law to be applied; (4) the district court erred in excluding from evidence several of Haskett's evidentiary submissions and by admitting into evidence various evidentiary submissions proffered by defendants; (5) the district court should have allowed Haskett to testify as a landman expert; (6) the district court erred in granting motions to quash filed by two non-party witnesses, and (7) the jury failed to properly deliberate or consider the evidence presented at trial.

To obtain a transcript at government expense, Haskett must satisfy the requirements of 28 U.S.C. § 753(f). *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985). Section 753(f) provides that the United States shall pay the fees for transcripts furnished in civil proceedings to persons permitted to appeal in forma pauperis if the trial judge or a circuit judge certifies that the appeal is not frivolous but presents a substantial question. *See* 28 U.S.C. § 753(f). The moving party must also establish that the transcript is necessary for proper disposition of the appeal. *Harvey*, 754 F.2d at 571.

Because, before the district court, Haskett stated as the basis for this appeal only that "he was never allowed to obtain full and fulsome discovery on all issues," the district court concluded that Haskett was entitled to only transcripts from hearings regarding the parties' discovery disputes. We conclude the same. Haskett has failed to allege a particularized need for the jury trial transcript or show that his appeal, with respect to the district court's trial rulings, is non-frivolous. Accordingly, his motion is denied. *See* 28 U.S.C. § 753(f); *Harvey*, 754 F.2d at 571. Further, upon consideration of Haskett's

2

No. 18-40873 c/w
No. 19-40002

arguments, we can discern no abuse of discretion in either the district court's evidentiary rulings or jury charge. *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 430 (5th Cir. 2014) ("This court reviews evidentiary rulings for abuse of discretion."); *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 550 (5th Cir. 2005) (noting that we review a district court's jury instructions for abuse of discretion). Nor does Haskett adequately brief his arguments regarding the district court's failure to dismiss a juror or the jury's alleged failure to properly deliberate. Fed. R. App. P. 28(a)(8) (an appellant's brief "must contain . . . appellant's contentions and the reason for them, with citations to the authorities and parts of the record on which the appellant relies"). Thus, we deem those issues waived. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

With respect to the district court's discovery rulings, we also affirm. District courts have broad discretion in controlling discovery. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). And although Federal Rule of Civil Procedure 45(c) allows the deposition of a party to be noticed anywhere in the state in which that party resides, the general presumption is that, absent extraordinary circumstances, the deposition will take place in the same city as his residence or place of employment. *See id.* at 651–52. Thus, the district court did not abuse its discretion when it required Haskett to take the deposition of the defendants in the city in which they work and reside. Nor did the district court abuse its discretion when it quashed the subpoenas of the two third party witnesses who were given only one business day's notice of their need to testify at trial. *See* Fed. R. Civ. P. 45(d)(3)(A) ("[T]he district court . . . must quash or modify a subpoena that fails to allow a reasonable time to comply. . . .").

MOTION DENIED; JUDGMENT AFFIRMED.

3