905 F.2d 63
 53 Fair Empl.Prac.Cas. 613,
54 Empl. Prac. Dec. P 40,064
BLACK FIRE FIGHTERS ASSOCIATION OF DALLAS, et al.,
Plaintiffs-Appellants,
v.
CITY OF DALLAS, TEXAS, Defendant-Appellee.
and
Dallas Fire Fighters Association, Intervening Defendant-Appellee.
BLACK FIRE FIGHTERS ASSOCIATION OF DALLAS, et al.,
Plaintiffs-Appellees,
v.
CITY OF DALLAS, TEXAS, Defendant-Appellant.
 Nos. 89-1124, 89-1215.
 United States Court of Appeals,
Fifth Circuit.
 June 21, 1990.
 
 Roger Albright, Mullinax, Wells, Baab & Cloutman, Dallas, Tex., for Black Fire Fighters Ass'n of Dallas, et al.
 Craig Hopkins, Asst. City Atty., Dallas, Tex., for City of Dallas, Tex.
 Hal K. Gillespie and David K. Watsky, Dallas, Tex., for Dallas Fire Fighters.
 Appeals from the United States District Court for the Northern District of Dallas.
 Before BROWN, WILLIAMS, and JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 These two appeals arise from the denial of a temporary injunction, which would have prevented the Dallas fire department from making most promotions in the force, and the granting of a stay of that denial. We affirm the denial of a temporary injunction, rendering moot the issue of the district court's stay pending appeal.
 
 
 2
 The underlying complaint was brought as a class action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e et seq., and 42 U.S.C. Sec. 1981, and alleged racial discrimination in the Dallas Fire Department. In October and November 1988, the plaintiffs moved to enjoin the use of certain tests and criteria used to award promotions and to enjoin the promotion of persons to the rank of Second Driver or above. Two agreed orders were entered, prohibiting the city from promoting any person to that rank or higher, pending the court's decision on the contested motions for preliminary injunction.
 
 
 3
 On February 7, 1989, the district court denied the motions for injunctions.[1] The plaintiffs moved for a stay of that order pending appeal, and two days later, the court granted the stay. The effect of that stay is to leave in place the agreed orders, prohibiting the city from taking certain personnel actions, pending appeal from the denial of the injunction. Plaintiffs appeal from that denial; the City appeals from the issuance of the stay.
 
 
 4
 A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir.1985). Generally, a movant must satisfy each of four traditional criteria in order to be entitled to a preliminary injunction: (1) irreparable injury; (2) substantial likelihood of success on the merits, (3) a favorable balance of hardships, and (4) no adverse effect on the public interest. See Plains Cotton Coop. Ass'n v. Goodpasture Computer Serv., Inc., 807 F.2d 1256, 1259 (5th Cir.) cert. denied, 484 U.S. 821, 108 S.Ct. 80, 98 L.Ed.2d 42 (1987); Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 471 (5th Cir.1985). The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria. Enterprise Int'l, 762 F.2d at 472. The district court's ruling may not be reversed unless the court abused its discretion. Anderson v. Douglas & Lomason Co., 835 F.2d 128, 133 (5th Cir.1988). The court's determinations as to each of the four elements are mixed questions of fact and law reviewed according to the clearly erroneous standard. Kern River Gas Trans. Co. v. Coastal Corp., 899 F.2d 1458 (5th Cir.1990).
 
 
 5
 The district court here found that plaintiffs did not satisfy the first three requirements for injunctive relief.[2] On appeal, the parties vigorously dispute whether our circuit holds that irreparable injury is always presumed when a court considers preliminary injunctive relief in a Title VII case involving a non-federal employee. The outcome of this single issue is, however, irrelevant if the plaintiffs have not yet established a substantial likelihood of success on the merits or shown that the hardship exacted upon them in the absence of preliminary injunctive relief exceeds the defendants' burden if relief were granted. Because of the complexity of this case and the early stage of its factual development, the district court's conclusions on these two issues were not clearly erroneous and its denial of relief was not an abuse of discretion.
 
 
 6
 Regarding the criterion of a substantial likelihood of success on the merits of their claims, plaintiffs presented at their hearing joint stipulations of the parties and three witnesses: the Dallas fire chief, the president of the Black Fire Fighters Ass'n., and a statistician. Plaintiffs' principal evidence consisted of a statistical demonstration that in two recent years, blacks performed more poorly as a group than whites on the tests for promotion to the Second Driver and Driver Engineer positions within the Fire Department. Plaintiffs also sought to establish that time-in-service and time-in-grade requirements disadvantage blacks who seek promotion. Plaintiffs challenged every facet of Fire Department testing procedures including the practice of adding points to the employees' test scores based on their seniority, ranking employees by their test scores rather than on a pass-fail basis, and establishing moving cut-off scores to fashion the lists of employees eligible for promotion.[3] As a result of these allegedly discriminatory tests and promotional criteria, plaintiffs contended, blacks are underrepresented in fire department positions achieved by promotion.
 
 
 7
 Although we make no prediction concerning the outcome of this case after trial, we are unable to gainsay the district court's preliminary determination against the plaintiffs in the wake of Wards Cove Packing Co., Inc. v. Atonio, --- U.S. ----, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989). In Wards Cove, the Supreme Court held that a bare statistical comparison between the proportion of a company's minority workforce and minority supervisors or white-collar employees will not suffice to establish a prima facie disparate impact case under Title VII. Plaintiffs must demonstrate both that specific employment practices have a disparate racial impact and that those practices caused minority underrepresentation in the higher employment ranks. Wards Cove, 109 S.Ct. at 2124.[4] The plaintiffs must carry their burden of persuasion of disparate impact. Wards Cove, 109 S.Ct. at 2126.
 
 
 8
 The Seventh Circuit recently rejected a request for preliminary injunction premised on the sort of gross statistical comparison rejected in Wards Cove. Cox v. City of Chicago, 868 F.2d 217 (7th Cir.1989). Here, as in Cox, evidence that a disproportionately low number of blacks passed two promotion exams in two years may be suggestive of the discriminatory impact of the exams, but plaintiffs' challenges range far beyond the exams themselves and the two ranks covered by those exams. A complete picture of the Fire Department's personnel makeup and a systematic analysis of the racial effects of all the promotional criteria for each rank are required by the claims plaintiffs have made. On the incomplete record before us, plaintiffs have not yet shown a substantial likelihood that they will prevail.
 
 
 9
 Even if plaintiffs had thoroughly convinced us on the first two criteria for preliminary injunctive relief, they would still have to surmount the district court's adverse conclusion that the balance of equities does not preponderate in their favor. Plaintiffs fear that if the Fire Department fills spots now open for promotion before this lawsuit concludes, they will lose valuable opportunities to catch up. The Fire Department and the intervenors argue, however, that general employee morale suffers as officers' spots are filled temporarily by employees who know they may have to be demoted in rank and pay if a remedial decree is issued. The district court found these equities counterbalancing, and so do we. Because plaintiffs' bid for injunctive relief fails this third test, it therefore fails altogether. Anderson v. Douglas & Lomason Co., 835 F.2d at 133.
 
 
 10
 Accordingly, we affirm the denial of a preliminary injunction as within the district court's discretion. We intimate no view as to the ultimate merits of plaintiffs' claim, nor do we foreclose the possibility that a later claim for preliminary injunctive relief, presented on a more detailed factual background, may prevail. We suggest that it is in the interest of all parties and the citizens of Dallas that this case should proceed to trial expeditiously. The appeal of the district court's stay pendente lite is dismissed as moot.
 
 
 11
 No. 89-1124 AFFIRMED; No. 89-1215 DISMISSED.
 
 
 12
 JOHN R. BROWN, Circuit Judge, concurring.
 
 
 13
 I concur in the Affirmed and Dismissed. Since the Court's holding that the District Court did not abuse its discretion is sufficient to sustain the Affirmance/Dismissal, the predictions as to what the trial court will ultimately hold or the sufficiency or insufficiency of the evidence to sustain such holdings are matters unnecessary to affirmance based on no showing of abuse of discretion in denying preliminary injunction. I do not concur in any such expressions.
 
 EDITH H. JONES, Circuit Judge, concurring:
 
 14
 While I agree with the per curiam opinion, I would also have held that our circuit's unique rule allowing a presumption of irreparable injury in certain Title VII cases[1] cannot stand in light of Amoco Production Co. v. Village of Gambell, 480 U.S. 531, 544-45, 107 S.Ct. 1396, 1403, 94 L.Ed.2d 542 (1987).
 
 
 15
 There, the Court reversed the Ninth Circuit's holding that " '[i]rreparable damage is presumed when an agency fails to evaluate thoroughly the environmental impact of a proposed action.' " People of Village of Gambell v. Hodel, 774 F.2d 1414, 1423 (9th Cir.1985) (citing Save Our Ecosystems v. Clark, 747 F.2d 1240, 1250 (9th Cir.1984)). Rejecting the circuit's analysis, the Court emphasized that "[t]his presumption is contrary to traditional equitable principles" and "[t]here is no clear indication in Sec. 810 that Congress intended to deny federal district courts their traditional equitable discretion in enforcing the provision nor are we compelled to infer such a limitation." 480 U.S. at 544-45, 107 S.Ct. at 1403. The Supreme Court reiterated the basis for preliminary injunctive relief:
 
 
 16
 In brief, the basis for injunctive relief is irreparable injury and inadequacy of legal remedies. In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.
 
 
 17
 Id. at 542, 107 S.Ct. at 1402 (emphasis added). Irreparable injury must be shown unless a statute unequivocally authorizes injunctive relief without such a showing. Indeed, courts that criticized Middleton-Keirn v. Stone, 655 F.2d 609 (5th Cir.1981) and its sibling decisions in our circuit have relied on legislative history to the 1972 amendments to Title VII that specifically took issue with our cases and indicated Congressional intent to reaffirm the use of the traditional criteria for preliminary injunctive relief. See EEOC v. Anchor Hocking Corp., 666 F.2d 1037 (6th Cir.1981); Holt v. Continental Group, Inc., 708 F.2d 87 (2d Cir.1983); Moteles v. Univ. of Pennsylvania, 730 F.2d 913 (3d Cir.1984); EEOC v. Pacific Press Publishing Ass'n., 535 F.2d 1182 (9th Cir.1976).
 
 
 18
 I would further have adhered to the district court's conclusion that plaintiffs have not at this juncture carried their burden of showing irreparable harm.
 
 
 
 [1]
 The Dallas Fire Fighters Association, representing most of the city's firemen, was allowed to intervene on the side of the City. In this court they advocate the continuation of promotions based partly on a test administered over a year ago, which, because of the court orders, have not been graded
 
 
 [2]
 The district court stated that the fourth test for injunctive relief--the public interest--was "not particularly helpful" to its analysis
 
 
 [3]
 The City's testimony suggested that there are some justifications for time-in-service and time-in-grade requirements, although none of their promotion devices have been validated by EEOC criteria, and that in the two years for which test scores of blacks and whites were compared, the gap between the groups was narrowing. The City also pointed to its affirmative action program, which is intended to increase dramatically the promotions of blacks in coming years
 
 
 [4]
 The employer may produce evidence of a business justification for the practices, see Wards Cove, 109 S.Ct. at 2126, but the City did not do so for purposes of the injunction hearing
 
 
 [1]
 See 2 Larson, Employment Discrimination Secs. 54.30 and 54.40