United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10475
Summary Calendar

_____

VENCE LAMOR THOMPSON,

Plaintiff-Appellant,

versus

DAVID BASSE, Dr.; WILLIAM GONZALEZ; PATRICE MAXEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-312
--------------------

Before DAVIS, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Vence Lamor Thompson, Texas prisoner # 1101294, appeals the

district court's order granting the defendants' motion for

summary judgment, denying his motion for partial summary

judgment, and dismissing his 42 U.S.C. § 1983 action with

prejudice. He argues that there are genuine issues of material

fact concerning whether Dr. David Basse's actions were

objectively reasonable and whether Patrice Maxey provides medical

care to inmates. He argues that his disagreement with the

prescribed medical treatment of tetracycline and rifampin was not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without reasonable cause as the treatment was ineffective and caused serious side effects, including diarrhea, vomiting, and severe weight loss. Thompson has not shown that there are genuine issues of material fact which would preclude the granting of summary judgment. At most, Thompson has shown that he disagreed with the medical treatment provided by Dr. Basse and Maxey, which does not rise to the level of a constitutional violation. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Thompson has not shown that Dr. Basse or Maxey were deliberately indifferent to his serious medical needs as they examined him each time he requested a consultation, provided medication, referred him to a dermatologist, and followed one of the two alternative courses of treatment recommended by the dermatologist. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Because Thompson failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a), concerning his claim that Dr. Basse and Maxey failed to treat the side effects of the medication and failed to provide pain medication, the district court did not err in determining that Thompson could not raise this claim in his § 1983 action. See Johnson v. Johnson, 385 F.3d 503, 516 (5th Cir. 2004).

Thompson also argues that the district court abused its discretion in denying his motion for a temporary restraining order and a preliminary injunction. We lack jurisdiction over

the denial of Thompson's motion for a temporary restraining order.  See Faulder v. Johnson, 178 F.3d 741, 742 (5th Cir. 1999).  Because Thompson has not shown that the district court erred in granting the defendants' motion for summary judgment, he has not shown that he had a substantial likelihood of success on the merits.  Therefore, he has not shown that the district court abused its discretion in denying his motion for a preliminary injunction.  See Black Fire Fighters Ass'n v. City of Dallas, 905 F.2d 63, 65 (5th Cir. 1990).

AFFIRMED.