United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60401
Summary Calendar
_____

CHARLIE L. TAYLOR,

Plaintiff-Appellant,

versus

FLORENCE JONES, Assistant Director of Offender Services;
REGINA CORLEY, Case Manager; JIMMY PEARCE, Disciplinary Hearing
Officer; MELINDA L. EZELL, Director of SMCI Law Library,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:05-CV-00044
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Charlie L. Taylor, Mississippi prisoner # R6798, appeals
the district court's denial of his motions for a preliminary
injunction preventing the appellees from assigning him to work in
the fields and housing him in the field unit and ordering the
appellees to house him in the general population as a special
needs offender. Taylor argues that: (1) prison officials abused
their discretion in assigning him to jobs and housing
arbitrarily; (2) prison officials retaliated against him by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

placing him in segregation; and (3) prison officials retaliated against him for exercising his First Amendment rights. Taylor also states that he has met the standard for obtaining a preliminary injunction. Because Taylor has not shown that he has a substantial likelihood of success on the merits of the above claims, Taylor has not shown that the district court abused its discretion in denying his motion for a preliminary injunction or that exceptional circumstances exist which warrant the reversal of the denial of his motion. See Black Fire Fighters Ass'n v. City of Dallas, 905 F.2d 63, 65 (5th Cir. 1990); White v. Carlucci, 862 F.2d 1209, 1211 (5th Cir. 1989).

For the first time on appeal in his reply brief, Taylor argues that he is entitled to a preliminary injunction based on the appellees' deliberate indifference to his serious medical needs: (1) he will suffer irreparable harm in that he could suffer a stroke or a heart attack and die if he is required to work in the fields; (2) the balance of hardships is in his favor as he may suffer a stroke or a heart attack, and the appellees will not suffer any harm if a preliminary injunction is granted; (3) he is likely to succeed on the merits because the appellees are acting with deliberate indifference to his serious medical needs; and (4) the grant of relief will serve the public interest because it is in the public interest for prison officials to obey the law. Taylor cannot raise an issue for the first time in his reply brief. See Stephens v. C.I.T. Group/Equip. Fin., Inc., 955

F.2d 1023, 1026 (5th Cir. 1992).  Further, this court will not consider claims raised for the first time on appeal.  <u>See</u> <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999).  We therefore decline to consider Taylor's arguments alleging deliberate indifference to serious medical needs.

AFFIRMED.