**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 26, 2007**

**FOR THE TENTH CIRCUIT**

HERFF JONES, INC., an Indiana
corporation,

      Plaintiff-Appellant,

v.

OKLAHOMA GRADUATE
SERVICES, INC., an Oklahoma
corporation; WILLIAM R. LIERMAN,
SR.; KAY YORK LIERMAN;
WILLIAM R. LIERMAN, JR.;
ROBERT ARTHUR MCCABE;
RICHARD BLACKSTOCK,

      Defendants-Appellees.

No. 06-6322
(D.C. No. 06-CV-709-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HENRY** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Invoking this court's interlocutory jurisdiction under 28 U.S.C. § 1292(a)(1), plaintiff-appellant Herff Jones, Inc. appeals the order entered by the district court denying its motion under Fed. R. Civ. P. 65(a) for a preliminary injunction.[1]  Finding no abuse of discretion by the district court, we affirm.[2]

## I.

Herff Jones filed its initial complaint in this matter in June 2006 and an amended complaint in August 2006.  In its amended complaint, Herff Jones alleged that the district court had subject matter jurisdiction over this action under 28 U.S.C. § 1332, and it asserted state-law claims against defendants for breach of contract, breach of fiduciary duty, tortious interference with business relations, fraud, fraudulent concealment/constructive fraud, promissory estoppel, unjust enrichment, breach of implied covenant of good faith and fair dealing, violation

---

[1]     In its motion for a preliminary injunction, Herff Jones requested that the district court initially enter a temporary restraining order under Fed. R. Civ. P. 65(b).  The district court denied Herff Jones's request for a temporary restraining order, and we do not have jurisdiction under § 1292(a)(1) to review that ruling. *See Populist Party v. Herschler*, 746 F.2d 656, 661 n.2 (10th Cir. 1984); 15A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3914.3, at 521 (2d ed. 1992) ("It long has been settled as a general matter that § 1292(a)(1) permits appeal from decisions with respect to preliminary injunctions, but not from temporary restraining order decisions.").

[2]     Defendant Blackstock argues that this appeal should be dismissed as moot because the time period for obtaining orders for the scholastic products that are at issue in this case has already passed. *See* Blackstock Response Br. at 10-12.  We disagree.  As Herff Jones has pointed out in its reply brief, because "there is still the prospect of placing [certain] contracts and preventing deliveries of products generated through wrongful conduct, this appeal is not moot." Reply Br. at 13.

of Oklahoma's Uniform Trade Secrets Act, violation of Oklahoma's Deceptive Trade Practices Act, and civil conspiracy. *See* Aplt. App., Vol. 1 at 19-28. Herff Jones also filed a motion for a preliminary injunction under Fed. R. Civ. P. 65(a), requesting that the district court enter an injunction "prohibiting the Defendants, their officers, agents, servants, employees and attorneys, and those in active concert or participation with them, from soliciting the purchase or sale of products and services from established customers of Herff Jones." *Id.* at 85. Herff Jones requested that the injunction have "a duration of at least one (1) year." *Id.* at 86. Herff Jones further specified the scope of the requested preliminary injunction in seven separate paragraphs. *Id.* at 85-86.

On September 1, 2006, the district court held a hearing on Herff Jones's motion for a preliminary injunction, and it subsequently entered an order denying the motion on September 12, 2006. In its order, the district court summarized the background of this case as follows:

> Plaintiff is in the business of selling scholastic products including among other things class rings, fine papers, caps and gowns, yearbooks and senior jewelry. Plaintiff's customers include public and private schools, colleges, and individual students. Plaintiff markets its products through independent sales representatives.
>
> Defendant William "Dick" Lierman, Sr. ("Lierman, Sr.") sold Plaintiff's products as a sales representative from July of 1990 to April of 2006 pursuant to a Sales Representative Agreement. In April of 2006, Lierman, Sr. incorporated Defendant Oklahoma Graduate Services ("OGS") and continued to sell Plaintiff's products pursuant to a Corporate Sales Agreement having substantially the

same terms as the Sales Representative Agreement which was terminated. [Apparently, Lierman, Sr. gave notice terminating his Sales Agreement in mid-June of 2006.] Defendant Kay Lierman is a consenting shareholder of OGS.

Defendant Richard Blackstock ("Blackstock") sold Plaintiff's products pursuant to a Sales Representative Agreement from 1990 to 2006. Although Blackstock plans to retire from the sale of scholastic products, he continues to represent Plaintiff as a sales representative. [Blackstock gave notice of termination to Plaintiff on July 14, 2006 implicitly acknowledging the requirement of sixty (60) days notice. As such, Blackstock's representation of Plaintiff will end on September 14, 2006.] Defendant Robert McCabe ("McCabe") has sold Plaintiff's products pursuant to an Associate Sales Representative Agreement in association with Lierman, Sr. and/or OGS since August of 1990. Defendant William Rick Lierman, Jr. ("Lierman, Jr.") has also been an associate sales representative employed by Lierman, Sr. and/or OGS since August 24, 1995 pursuant to an Associate Sales Representative Agreement.

Plaintiff asserts that Defendants began competing with Plaintiff while they were still associated with Plaintiff as sales representatives, that Lierman, Sr. and McCabe denied they were planning to leave Plaintiff and join Plaintiff's competitor, Jostens, and that Lierman, Sr. and Blackstock misrepresented their reasons for terminating their sales agreements. Further, Plaintiff asserts that Blackstock sold his business to McCabe in violation of his sales agreement which provides Plaintiff with the first right and option to purchase the business.

Also, Plaintiff asserts that McCabe and Lierman, Sr. are in direct competition with Plaintiff for the same customers, that Lierman, Sr. has tried to cancel orders for announcements submitted by him during the previous school year, and that customers have been cancelling meetings scheduled to allow Plaintiff's representatives to meet with upperclassmen and to take their orders for class rings and other senior products. Finally, Plaintiff asserts [that] all Defendants continue to call on Plaintiff's customers using Plaintiff's confidential customer list.

-4-

Aplt. App., Vol. II at 668-70 (two footnotes inserted into quoted text in brackets; one footnote omitted).

After correctly setting forth the standards for granting a preliminary injunction, *id.* at 671, the district court denied Herff Jones's motion for a preliminary injunction, concluding that it would "not be irreparably harmed if the Court denies the relief sought," *id.* at 672, and that "the balance of harms element weighs heavily in favor of Defendants," *id.* at 675. Herff Jones is now appealing the denial of its motion for a preliminary injunction. We have jurisdiction to review the district court's interlocutory order under 28 U.S.C. § 1292(a)(1).

## II.

"As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quotation omitted). In order for a party to be entitled to a preliminary injunction, that party must show the following:

> (1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.

*Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1298 (10th Cir. 2006) (quotation omitted). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria." *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990).

"We review the district court's denial of a preliminary injunction for an abuse of discretion." *Nova Health Sys.*, 460 F.3d at 1299. "A district court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling." *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002) (citation omitted). "Although either an error of law or an error of fact may constitute an abuse of discretion, we review the district court's findings in these two areas under different standards; '[w]e examine the district court's underlying factual findings for clear error, and its legal determinations *de novo*.'" *Nova Health Sys.*, 460 F.3d at 1299 (quoting *Davis*, 302 F.3d at 1111). "We have also described abuse of discretion as an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Schrier*, 427 F.3d at 1258 (quotation omitted).

### III.

In its order denying Herff Jones's motion for a preliminary injunction, the district court analyzed the issue of whether "the threatened injury outweighs whatever damage the proposed injunction may cause [defendants]," *Nova Health Sys.*, 460 F.3d at 1298, as follows:

> Plaintiff asserts that the "threat to Herff Jones is great if Defendants are permitted to continue soliciting customers of Herff Jones." Additionally, Plaintiff asserts that "[o]pportunities to compete for products of this nature are, as a practical matter, limited to the beginning of the school year. . . . Consequently, May 1 through October 30 is a critical time for Herff Jones to obtain orders for the following school year from its customers." Plaintiff's Motion

at 9-10. In light of these assertions, the Court finds that if Plaintiff were to get the relief it seeks, Defendants would be foreclosed from competing in the arena for an entire year. As such, the Court finds that Defendants will suffer a great harm because they would in essence be prevented from competing at all. On the other hand, if Plaintiff is denied the requested relief, both Plaintiff and Defendants can compete freely for customers. Accordingly, the Court finds that the balance of harms element weighs heavily in favor of Defendants.

Aplt. App., Vol. II at 674-75.

Having carefully reviewed the parties' briefs, the record on appeal, and the pertinent law, we conclude that the district court did not commit a legal or clear factual error when it determined that "the balance of harms element weighs heavily in favor of Defendants." *Id.* at 675. We therefore affirm the district court's denial of Herff-Jones's motion for a preliminary injunction on that basis, and we do not need to determine whether the district court abused its discretion when it concluded that Herff Jones had not suffered any irreparable harm as a result of defendants' alleged wrongdoing. *See Black Fire Fighters Ass'n*, 905 F.2d at 65. In fact, for purposes of resolving this appeal, we have assumed, without deciding, that Herff Jones has suffered some level of irreparable harm in the form of lost customer good will and/or misappropriated confidential proprietary information.

That said, we also believe there are good reasons for limiting the weight to be given to the irreparable harm factor. First, even if Herff Jones has incurred an intangible loss of customer good will that is not readily ascertainable, it

-7-

nonetheless appears that Herff Jones can easily determine the precise number of its prior customers that have transferred their business to defendants and/or Herff Jones's main competitor, Jostens. As a result, assuming that Herff Jones can successfully establish defendants' liability for such transfers, a question we are not deciding, Herff Jones can then be separately compensated with money damages for the loss of each individual customer. Second, even if some of Herff Jones's internal customer and price information contains confidential proprietary information that could qualify as trade secrets, Herff Jones has not put forth any evidence showing that defendants are relying on and using that internal information to solicit its customers. Instead, based on the limited record that is presently before this court, it appears to be just as likely that defendants are simply relying on their own knowledge and experience and/or information that is readily available in the public domain.

In sum, we conclude that the district court did not abuse its discretion in denying Herff Jones's motion for a preliminary injunction. We are not expressing any opinions as to the merits of the various claims in this case, however, and those claims remain to be litigated in the district court.

**IV.**

For the reasons set forth herein, we **AFFIRM** the order entered by the district court denying Herff Jones's motion for a preliminary injunction. We **DENY** the motions filed by Herff Jones to expedite this appeal as moot. We

**GRANT** Herff Jones's motion to file certain appendix documents under seal.  We

also **GRANT** Herff Jones's motion to withdraw its request for oral argument.


Entered for the Court


Robert H. Henry
Circuit Judge