# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2011

Lyle W. Cayce
Clerk

No. 10-11155
Summary Calendar

CHRISTOPHER FLORES,

Plaintiff - Appellant

v.

EMILY JACOBS, Unit Classification Chief; KEVIN P. PINNEY, Major of
Security; AMANDA MCCREE, Unit Classification Member; DAVID D.
LOFTON, Captain of Security; KEVIN M. DEFOOR, Sergeant of Security;
BRENDA L. MOORE, Correctional Officer; TAMMY SARHANI, Lieutenant of
Security; CHANDA C. CLAY, Correctional Officer; JIMMY S. SMITH, Major of
Security; JOHN DOE #1, Classification Committee Member; WAYNE A.
HINKLE, Correctional Officer; RICHARD A. AVANTS, Captain of Security;
CARY J. COOK, Assistant Warden; ROBERT J. EASON, Senior Warden,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-44

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-11155

In this 42 U.S.C. § 1983 action, Christopher Flores, Texas prisoner # 1336588, consented to proceed before a magistrate judge. Proceeding *pro se*, he challenges the magistrate judge's denial of his motion for a temporary restraining order and preliminary injunction.

Our court lacks jurisdiction over denial of the temporary restraining order; therefore, Flores' appeal of that ruling is dismissed. *Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999). Our court does have jurisdiction to review denial of the preliminary injunction. 28 U.S.C. § 1292(a)(1).

The denial of a preliminary injunction is reviewed for abuse of discretion. *E.g. Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-19 (5th Cir. 2001). A movant for a preliminary injunction must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will *not* have an adverse effect on the public interest. *Id.* at 419 n.15. "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria." *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (emphasis in original).

In denying the preliminary injunction, the magistrate judge determined Flores' allegations failed to "demonstrate a likelihood of success on the merits, that the threatened injury outweighed any damage that might be caused to the Defendants, or that the requested relief was not adverse to the public interest". Flores' brief, liberally construed, challenges only the first of the magistrate judge's determinations; he does *not* address the other two. Because Flores has *not* shown he meets each of the four prerequisites for a preliminary injunction, he has *not* shown the magistrate judge abused his discretion.

Flores also asserts the magistrate judge erred by *not* holding an evidentiary hearing and ordering discovery and briefing on his request for

2

No. 10-11155

injunctive relief.  Our court reviews this matter for abuse of discretion.  *E.g. Anderson v. Jackson*, 556 F.3d 351, 360-61 (5th Cir. 2009).  Flores' assertion is without merit.  He does *not* state what additional testimony and evidence would have been adduced at an evidentiary hearing that was *not* already presented at the *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) hearing, and he does *not* state how discovery and briefing would have changed the proceedings' outcome. Flores' unsupported allegations are insufficient to establish an abuse of discretion.   The denial of the preliminary injunction is affirmed.

APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION; AFFIRMED IN PART.