# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-20725
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2017

Lyle W. Cayce
Clerk

HERBERT DARRELL HAY, also known as Michael Darnell Noe,

Plaintiff-Appellant

v.

UNIVERSITY OF TEXAS MEDICAL BRANCH, in their official capacity only; TEXAS BOARD OF CRIMINAL JUSTICE, in their official capacity only; TEXAS DEPARTMENT OF CRIMINAL JUSTICE - CORRECTIONAL INSTITUTION DIVISION, in their official capacity only; BRYAN COLLIER, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, only in his official capacity; RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, only in his official capacity; OWEN MURRAY, Director for University of Texas Medical Branch medical services, only in his official capacity; ROBERTO HERRERA, Head Warden of the Pack I Facility, in his individual and official capacities; FAUSTO AVILA, Facilities Physician and Director of Medical Services at the Pack Facility, in his individual and official capacities; SARA ABKE, University of Texas Medical Branch Senior Practice Manager, in her individual and official capacities; SHARON LOCKRIDGE, Nurse Practitioner, in her individual and official capacities; FUNMILAYO IBIROLKO, Registered Nurse for University of Texas Medical Branch and a night nurse, in her individual and official capacities; JOHN ALLEN, Pack I Unit Maintenance Officer, in his individual and official capacities; D. WHITE, Pack I Unit Maintenance Officer, in his individual and official capacities,

Defendants-Appellees

————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-536

————————————

No. 15-20725

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

In this civil action filed pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act, Herbert Darrell Hay, Texas prisoner # 263672, challenges two orders entered by the district court. In one of the orders, the district court denied Hay's motion for service of process upon the Texas Board of Criminal Justice. We lack jurisdiction over that non-final interlocutory order because the district court did not certify it for appeal under 28 U.S.C. § 1292(b). Therefore, Hay's appeal of that ruling is dismissed. The other order denied Hay's motion for a preliminary injunction, and we do have jurisdiction to review that ruling. 28 U.S.C. § 1292(a)(1).

The denial of a preliminary injunction is reviewed for an abuse of discretion. *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A movant for a preliminary injunction must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria." *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (emphasis in original).

Hay asserts that the district court gave insufficient reasons for denying the motion for a preliminary injunction. In denying the preliminary injunction, the district court determined that Hay had failed to meet his burden of proof with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

respect to each of the four pertinent factors, but found this to be the case "particularly as to showing a substantial threat of irreparable injury or a substantial likelihood of success on the merits." These reasons, though brief, allow us to understand the basis for the denial of relief and are sufficient to satisfy Federal Rule of Civil Procedure 52(a). *See Burma Navigation Corp. v. Reliant Seahorse MV*, 99 F.3d 652, 657 (5th Cir. 1996).

Liberally construed, Hay's brief challenges only the determinations regarding irreparable injury and the likelihood of success on the merits; he does not address the other two *Byrum* factors. Because Hay has not shown he meets *each* of the four prerequisites for a preliminary injunction, he has not shown the district court abused its discretion in denying his motion. *See Black Fire Fighters Ass'n*, 905 F.2d at 65.

Finally, Hay asserts the district court erred by not holding an evidentiary hearing on his request for injunctive relief. No hearing was necessary here where the motion was decided solely on the facts and evidence as presented by Hay. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996); *Parker v. Ryan*, 959 F.2d 579, 584 (5th Cir. 1992). The denial of the preliminary injunction is affirmed.

APPEAL DISMISSED IN PART FOR LACK OF JURISDICTION; AFFIRMED IN PART.