# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2018

Lyle W. Cayce
Clerk

No. 17-30699
Summary Calendar

RANDY TRACY SHAW,

Plaintiff-Appellant

v.

CORRECTIONAL OFFICER BRELAN; LIEUTENANT COGGINS; CORRECTIONAL OFFICER CAIN; B. VALLE, Disciplinary Officer; CAPTAIN BARLETT; M.D. CARVAJAL, Former Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-1777

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Randy Tracy Shaw, federal prisoner # 11253-007, appeals the denial and dismissal of his *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), complaint as frivolous and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Shaw complains that the district court did not consider his claims of failure to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protect, negligence, and deliberate indifference to his serious medical needs, all of which were related to an assault Shaw suffered at the hands of other inmates. He contends that the defendants failed to protect him from the attack and that their negligence led to the attack. Shaw asserts that he was injured in the attack and did not receive medical care until one hour and 45 minutes after the attack. He also argues that the court erred in failing to grant his request for an injunction to preserve the video recording of the assault.

We may affirm on any basis supported by the record. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Our review of a dismissal under § 1915(e)(2)(B) and § 1915A(b)(1) as frivolous and for failure to state a claim is de novo, and we apply the same standard as governs a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). A complaint fails to state a claim for purposes of Rule 12(b)(6) when it does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Shaw's claims of failure to protect, negligence, and deliberate indifference to his serious medical needs all rested on indisputably meritless legal theories. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Additionally, Shaw fails to show that the district court should have granted him injunctive relief in the form of preserving a video recording of the incident because he has not established a substantial likelihood of success on the merits. *See Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990).

Shaw fails to adequately brief the district court's reasons for the dismissal of his claims of retaliation and his claim of failure to train. Therefore, they are abandoned. *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 17-30699

Accordingly, the judgment of the district court is AFFIRMED. The district court's dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Shaw is WARNED that if he accumulates three strikes under § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).