# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2022

Lyle W. Cayce
Clerk

No. 21-20058
Summary Calendar

Lawrence Higgins,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Kelly Strong, *Warden*; C. Lacox, *Assistant Warden*; H. M. Pederson, *Assistant Director*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3727

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

For this action under 42 U.S.C. § 1983, Lawrence Higgins, Texas prisoner # 1060189 and proceeding *pro se*, contests the denial of his motion

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20058

for a preliminary injunction, seeking a change to his housing based on the assertion that his cell is too small.  (Higgins in his reply brief presents facts for the first time on appeal.  No authority need be cited for our refusal to consider such assertions, especially in a reply brief.)

Higgins' unsupported and conclusory allegations show neither a likelihood of success on the merits, nor an irreparable injury warranting a preliminary injunction.  *See Rhodes v. Chapman*, 452 U.S. 337, 345–48 (1981) (stating "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional"); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (holding that conclusory allegations "do not support an action under 42 U.S.C. § 1983"); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (noting "[s]peculative injury is not sufficient [to show irreparable harm]; there must be more than an unfounded fear on the part of the applicant").  In short, the district court acted within its discretion in denying the motion.  *Black Fire Fighters Ass'n of Dallas v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (stating denial of preliminary injunction reviewed for abuse of discretion).

AFFIRMED.