# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2022

Lyle W. Cayce
Clerk

No. 21-30589
Summary Calendar

Logan Mills,

*Plaintiff—Appellant*,

*versus*

James LeBlanc, *Secretary*, *Louisiana Department of Corrections*;
Robert Tanner; Ernestine Smith; Lisa Jenkins; Cynthia Crain,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-418

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

Proceeding *pro se* and *in forma pauperis*, Logan Mills, Louisiana prisoner # 532042, appeals: the dismissal of his complaint brought under 42

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

U.S.C. § 1983 as frivolous and for failure to state a claim on which relief may be granted; the denial of his motion for a preliminary injunction; and the denial of his motion for a transcript, at Government expense, of the hearing conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). Mills' claims under § 1983 stemmed from the confiscation of certain items shipped to him through the mail, including photographs, picture catalogues, a novel, and magazines. (He concedes he eventually received 42 photographs that were initially confiscated.)

Where, as here, the district court dismissed a complaint as frivolous and for failure to state a claim under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), review is *de novo*. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). A complaint is frivolous "if it lacks an arguable basis in law or fact". *Id.*

Inmates have a First Amendment right to be free from mail censorship not "reasonably related to legitimate penological interests". *Turner v. Safley*, 482 U.S. 78, 89–90 (1987). Four basic factors are relevant to deciding if the challenged censorship regulation is reasonable. *See id.* at 89–91. First, there must be a sufficiently rational and non-arbitrary connection between the regulation and the prison's legitimate interest. *Id.* at 89–90. Other factors are: whether the inmate has alternative means of exercising the constitutional right; whether an accommodation of the inmate would adversely affect others and "the allocation of prison resources"; and "whether there are ready alternatives that could fully accommodate the prisoner's rights at *de minimis* cost to valid penological interests". *Samford v. Dretke*, 562 F.3d 674, 679 (5th Cir. 2009) (citation omitted). Absent evidence the prison official's acts are an exaggerated response in the light of valid policy considerations, "[a] court[] should ordinarily defer to [the] expert judgment" of the official. *Turner*, 482 U.S. at 86.

No. 21-30589

Security, order, and inmate rehabilitation are, of course, legitimate penological interests. *See Adams v. Gunnell*, 729 F.2d 362, 367 (5th Cir. 1984). Our court has upheld policies restricting materials that could compromise the safety of inmate population and rehabilitation interests. *See Thompson v. Patteson*, 985 F.2d 202, 205–206 (5th Cir. 1993) (holding officials could limit access to sexually-explicit materials, even ones that are not obscene, because prisons have legitimate interest in preventing "deviate, criminal sexual behavior"). Given these interests and weighing the pertinent factors, the district court was correct in dismissing Mills' complaint.

To the extent Mills challenges the adequacy of the prison-grievance procedure, his complaint lacks an arguable basis in law and was properly dismissed. *See Geiger*, 404 F.3d at 373.

Next, Mills contends the district court erred in denying his motion for preliminary injunction. Denial of a preliminary injunction is reviewed for abuse of discretion. *Black Fire Fighters Ass'n of Dallas v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four criteria" necessary for relief. *Id.* (emphasis in original). Because Mills only notes the first factor necessary for a preliminary injunction (the court's ruling Mills could not demonstrate substantial likelihood of success), the court did not abuse its discretion in denying his motion.

Finally, Mills asserts the court erred in denying his motion for a transcript of the *Spears* hearing at Government expense. To obtain a transcript at Government expense, Mills must satisfy the criteria of 28 U.S.C. § 753(f) (providing United States shall pay fees for transcripts in civil proceedings to person appearing *in forma pauperis* "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)"). The movant must show why the transcript is

3

"necessary for proper disposition of his appeal". *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Because Mills has not shown why a transcript was necessary, the court did not err in denying his motion. *See Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985) (noting party seeking transcript must show "particular need" or raise "substantial question"). (Although Mills asserts that a transcript was necessary to show he made no concessions concerning any applicable penological interests, we assume for purposes of this appeal that he made no such concessions.)

The district court's dismissal of Mills' complaint counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015). Mills is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED.