# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 9, 2024

Lyle W. Cayce
Clerk

————————

No. 23-30788

————————

Montreal Linn,

*Plaintiff—Appellant*,

*versus*

Ouachita American Job Center; Jay Mitchell; Doretha Bennett; City of Monroe; Frederick Coleman; Police Jury of Ouachita Parish,

*Defendants—Appellees*,

consolidated with

————————

No. 23-30791

————————

Montreal Linn,

*Plaintiff—Appellant*,

*versus*

Ouachita American Job Center; Police Jury of Ouachita Parish; Louisiana Workforce Commission; Doretha Bennett,

*Defendants—Appellees*,

CONSOLIDATED WITH

———————————

No. 23-30792

———————————

Montreal Linn,

*Plaintiff—Appellant*,

*versus*

City of Monroe; Frederick Coleman,

*Defendants—Appellees*,

CONSOLIDATED WITH

———————————

No. 23-30799

———————————

Montreal Linn,

*Plaintiff—Appellant*,

*versus*

Healthy Blue; Amanda Williams; William Rasbarry; Susan Colbert; Lincoln Nova Vital Recovery,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 3:22-CV-6259, 3:23-CV-716,
3:23-CV-718, 3:23-CV-706

———————————————————

No. 22-30788
c/w Nos. 23-30791, 23-30792, 23-30799

Before WILLETT, DUNCAN, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Appellant Montreal Linn appeals (1) a notice of intent to dismiss for failure to prosecute, and (2) an order denying his motion to appoint counsel. Claims remain pending in the proceedings below.

We must examine the basis of our jurisdiction, on our own motion if necessary. *Hutchings v. County of Llano*, 34 F.4th 484, 485 (5th Cir. 2022) (per curiam). We have jurisdiction over appeals from final decisions. 28 U.S.C. § 1291. We also have jurisdiction over appealed orders falling within the collateral-order doctrine or certified under 28 U.S.C. § 1292(b). Linn does not contend that either the collateral-order doctrine or 28 U.S.C. § 1292(b) provide jurisdiction here, so we examine whether the appealed orders are final.

The notice of intent to dismiss for failure to prosecute is, at best, an interlocutory order. *Hay v. Univ. of Tex. Med. Branch*, 689 F. App'x 298, 299 (5th Cir. 2017) (per curiam). So is the order denying Linn's motion to appoint counsel. *Marler v. Adonis Health Prods.*, 997 F.2d 1141, 1143 (5th Cir. 1993); *Risby v. United States*, 168 F. App'x 655, 655–56 (5th Cir. 2006) (per curiam). Because we are without jurisdiction over the two orders on appeal, we must dismiss. *See Sw. Elec. Power Co. v. Certain Underwriters at Lloyds of London*, 772 F.3d 384, 388 (5th Cir. 2014).

The appeal is DISMISSED for want of jurisdiction.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.