# United States Court of Appeals
# for the Fifth Circuit

No. 25-50617

United States Court of Appeals
Fifth Circuit

**FILED**

March 19, 2026

Lyle W. Cayce
Clerk

Henry B. Berrocal,

*Plaintiff—Appellant*,

*versus*

Pamela Bondi, *U.S. Attorney General*; Ken Paxton, *Attorney General, State of Texas*; Wells Fargo Bank, N.A.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:25-CV-279

Before Graves, Ho, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Henry B. Berrocal seeks to proceed in forma pauperis ("IFP") in this interlocutory appeal from the denial of his motion for a preliminary injunction and of sanctions. Berrocal moved for injunctive relief seeking to have Wells Fargo Bank, N.A., barred "from selling, disposing, or transferring any rights or interests in the property [in question] or related assets until the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

matter is resolved." Berrocal's IFP motion is a challenge to the district court's certification that any appeal would not be taken in good faith because Berrocal will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As a preliminary matter, "we are obligated to examine the basis for our jurisdiction, *sua sponte*, if necessary." *Williams v. Chater*, 87 F.3d 702, 704 (5th Cir. 1996). To the extent Berrocal has appealed the district court's decision denying his request for sanctions, the denial of sanctions is not an appealable interlocutory order. *See Valero Refining, Inc. v. M/T Lauberhorn*, 813 F.2d 60, 66 (5th Cir. 1987). Nor is any challenge to the district court's denial of Berrocal's recusal motion an appealable interlocutory order. *See Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 n.3 (5th Cir. 1992). Accordingly, we dismiss Berrocal's appeal of these orders for lack of jurisdiction.

We do have jurisdiction over Berrocal's appeal of the district court's order denying a preliminary injunction. 28 U.S.C. § 1292(a)(1). On appeal, Berrocal claims that the district court erred by denying a preliminary injunction without holding an evidentiary hearing. But contrary to Berrocal's assertion, the district court properly considered the records in a related case it presided over involving Berrocal to conclude that the property had been sold in a foreclosure sale in April of 2025. *See Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978) (citing FED. R. EV. 201(d) (permitting courts to take judicial notice of adjudicative facts)). Moreover, the district court also properly considered the Substitute Trustee's Deed that had been publicly recorded with the county clerk indicating the sale of the property. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (upholding district court's taking judicial notice of public records). Because the uncontroverted evidence before the district court demonstrated that the property had been sold three months prior to the filing of his motion, Berrocal

could not have been granted the injunctive relief he sought; he, therefore, fails to demonstrate a nonfrivolous issue for appeal. *See Anderson v. Jackson*, 556 F.3d 351, 361 (5th Cir. 2009) (affirming district court's denial of preliminary injunction because district court did not rely on any disputed facts); *Black Fire Fighters Ass'n of Dallas v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990).

Because Berrocal fails to show that his appeal will involve a nonfrivolous issue with respect to the denial of his motion for a preliminary injunction, we dismiss Berrocal's appeal of this order as frivolous. *See Baugh*, 117 F.3d at 202; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

Accordingly, the appeal is DISMISSED, and the motion to proceed IFP is DENIED as moot.