IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-10609
Summary Calendar

ROBERT A BELL

Plaintiff-Appellant

V.

RICHARD E WATHEN; LEANN PENA

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:05-CV-128

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert A. Bell, Texas prisoner # 755528, moves this court for leave to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 suit. The district court dismissed the suit because Bell did not show that (1) the defendants failed to protect him from harm; (2) the defendants retaliated against him; and (3) Richard Wathen violated his First Amendment rights. Bell's motion is a challenge to the district court's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 197, 202 (5th Cir. 1997).

The district court denied Bell's motion for leave to file a writ of ad testificandum because the testimony of the witnesses Bell listed in the motion would have been duplicative of the testimony the district court already ordered to be produced and/or irrelevant. Bell asserts that the district court erred in denying his motion for leave to file a writ of ad testificandum because there is a need for the witness testimony and the testimony is relevant. Whether to issue the writ rests within the discretion of the district court. Ballard v. Spradley, 557 F.2d 476, 480 (5th Cir. 1977); Cupit v. Jones, 835 F.2d 82, 86-87 (5th Cir. 1987). "It is well established that testimony which is merely repetitious and cumulative of testimony already introduced may be excluded by the trial court in its discretion." Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir. 1985). Bell does not explain how the testimony of these witnesses would not be repetitious, cumulative, or irrelevant. Bell, therefore, has failed to show that the district court abused its discretion in denying the motion for leave to file a writ of ad testificandum. See Ballard, 557 F.2d at 480.

In his § 1983 complaint, Bell asserted that Wathen retaliated against him in an attempt to chill his First Amendment right to free speech. The district court determined that this claim should be dismissed because Bell did not give the court and the defendants notice of the claim and because Bell did not prove that Wathen's retaliatory act deterred him from exercising his First Amendment rights. Bell argues that he gave the district court and the defendants notice of this claim. Even assuming that the district court and the defendants were notified of Bell's First Amendment claim against Wathen, this claim must fail because Wathen's comment did not deter Bell from prosecuting this lawsuit or filing subsequent grievances. See Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006)("Retaliation against a prisoner is actionable only if its capable of deterring a person of ordinary firmness from further exercising his constitutional rights.").

The district court denied Bell's request to produce the mail log. Bell contends that he needed the mail log in order to show that his letter to Warden Horton, which detailed his complaints about offender and official misconduct, actually existed. Even assuming that Bell can prove that he wrote the letter and that Horton received the letter, he cannot prevail on his retaliation and failure-to-protect claims. The retaliatory acts allegedly committed by Pena and Wathen did not deter Bell from prosecuting this lawsuit or filing subsequent grievances. Accordingly, Bell's retaliation claim is without merit regardless of whether Horton received the letter. Similarly, Bell cannot prevail on his failure-to-protect claim. Bell's claim for damages is barred because he does not argue that he suffered an actual physical injury resulting from the prison officials' purported failure to protect. See Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999). To the extent that Bell also seeks injunctive or declaratory relief, his failure-to-protect claim still fails. Bell has no standing to seek injunctive relief because he has not shown a likelihood of future harm. See Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005). Bell therefore cannot prevail on his failure-to-protect claim even if it is shown that Horton received the letter.

This court's dismissal of Bell's appeal counts as one strike under 128 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Bell should be cautioned that if he accumulates three strikes he will not be able to proceed IFP in any action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.