# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2008

Charles R. Fulbruge III
Clerk

No. 06-40419

ANTHONY ANTONIO WHITEHURST

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; ANGEL GARCIA; CORRECTIONAL OFFICER DOBBS; CORRECTIONAL OFFICER PICASO; CORRECTIONAL OFFICER CAMPBELL; CORRECTIONAL OFFICER SANCHEZ; CORRECTIONAL OFFICER SKURKA; CORRECTIONAL OFFICER AEOSADUJA; CORRECTIONAL OFFICER J. MCGEE; CORRECTIONAL OFFICER J. BALBOSA

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CV-300

Before JONES, Chief Judge, and BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Anthony Antonio Whitehurst, federal prisoner # 04938-078, appeals, pro se, dismissal of his Bivens claims against numerous correctional officers. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1971) (recognizing claim under federal law for damages resulting from federal agents' violation of constitutional rights). AFFIRMED.

I.

Whitehurst alleges: during his incarceration at Federal Correctional Institution Three Rivers, Texas, correctional officers inventoried his personal property; and, during that process, some of his property was placed in a closet for unauthorized property.

In October 2003, the magistrate judge conducted a Spears hearing. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) (magistrate judge may hold evidentiary hearing that brings into focus factual and legal bases of a prisoner's claim). Subsequently, the magistrate judge recommended disposition. Based on that recommendation, the district court dismissed Whitehurst's claims against all but one defendant. A jury trial in February 2006 concluded with a verdict in favor of that remaining defendant.

II.

Whitehurst raises three issues. Each lacks merit.

A.

Whitehurst contends his Bivens claims should not have been dismissed because his property was intentionally disposed of, in violation of the Fifth Amendment Due Process and Takings Clauses. As Whitehurst recognizes, because he failed to object to the magistrate judge's recommendation that the district court dismiss the Bivens claims, review is only for plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). Accordingly, Whitehurst must show a plain (clear or obvious) error that affects his substantial rights; even if he does, we retain discretion to correct the error and generally will do so only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings'". United States v. Olano, 507 U.S. 725, 736 (1993) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

Because Whitehurst's property was not taken for public use, he has no claim under the Takings Clause, which provides "private property [shall not] be taken for public use, without just compensation". U.S. CONST. amend. V (emphasis added). Additionally, he fails to present a meritorious due-process claim. The negligent deprivation of property by a government official does not violate due process. Daniels v. Williams, 474 U.S. 327, 333 (1986). Whitehurst does not show the correctional officers intentionally deprived him of his property. There was no plain error.

## B.

Whitehurst claims the district court erred in denying his motion, made at trial, to add parties pursuant to Federal Rule of Civil Procedure 21. The district court, however, did not err because, as discussed supra, Whitehurst does not have an actionable claim under the Takings or Due Process Clauses against the correctional officers.

## C.

Finally, Whitehurst asserts, for the first time in his reply brief, that he is entitled to a trial transcript at government expense. No authority need be cited for our generally not considering issues raised for the first time in a reply brief. In any event, Whitehurst has not shown the transcript is necessary for proper disposition of this appeal. See Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).

## III.

For the foregoing reasons, the judgment is AFFIRMED.